**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------x

JEFFREY C. MOY,
on behalf of himself and
all others similarly situated,

                 Plaintiff

     v.

ELTMAN, ELTMAN & COOPER, P.C.,

            Defendant.
------------------------------------------------x

**COMPLAINT**

CV 12 - 2382

**JURY DEMANDED**

SUMMONS ISSUED

MATSUMOTO, J
GO, M.J.

     Plaintiff Jeffery Moy on behalf of himself and all others similarly situated, for his

complaint, alleges, upon personal knowledge as to himself and information and belief as to other

matters, as follows:

### INTRODUCTION

1.     This class action seeks to vindicate the rights of New York consumers who received

false and deceptive collection letters from the law firm of Eltman, Eltman & Cooper, PC

(EE&C). Specifically, EE&C, as attorneys, obtained default judgments against an unknown

number of New York consumers on behalf of Erin Capital Management, LLC ("Erin").

Thereafter, EE&C sent each of those same consumers a false and deceptive collection letter.

These letters failed to inform the consumers that default judgments had already been entered

against them and falsely assured the consumers that no attorney at EE&C had reviewed their

matter and no intent of legal action should be taken from the letter. In short, these letters

1

constitute false and deceptive collection attempts in violation of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2.      The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §1337.

3.      Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.

4.       Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5.      Venue in this District is proper because the acts and transactions that give rise to this

action occurred, in substantial part, in this district and Plaintiff resides in this District.

## PARTIES

6.      Plaintiff Jeffrey Moy (Mr. Moy) is a natural person who has resided at all relevant times

in Brooklyn, New York.

7.      Mr. Moy is a consumer as defined in the FDCPA § 1692a(3).

8.      Defendant EE&C is a law firm engaged in the collection of debts in this state with its

principal place of business located at 140 Broadway, 26th Floor, New York, NY 10005.

9.      EE&C's principal purpose is the collection of debts; and it regularly attempts to collect

debts alleged to be due another in the State Courts in New York.

10.     According to its website, EE&C "is the leading judgment enforcement law firm in the

country.  EE&C has pioneered the location of enforceable assets on dormant judgment portfolios

allowing clients to maximize returns on assets once thought uncollectible." *See*

https://www.eltmanlaw.com.

11.     In sum, EE&C is a debt collector as defined by 15 U.S.C. § 1692a(6).

2

## FACTS

12.     On or about October 9, 2007, EE&C filed a lawsuit against Mr. Moy in New York

County Civil Court, titled Erin Capital Management, LLC v.Jeffrey C. Moy, Index Number

56142-07/NY (hereinafter the "State action"). The Verified Complaint in that action was signed

under penalty of perjury by EE&C attorney Steven Rinsler.

13.     An Affidavit of Service was filed in the State action alleging that service of process had

been made on Mr. Moy on October 16, 2007 by leaving a copy of the summons and complaint

with "Jane Smith, co-tenant of the Defendant," at 11 Avenue D, Apartment 13, New York, NY

10009 (the "Subject Premises").

14.     Mr. Moy had no such "co-tenant" at the Subject Premises in October of 2007, because

Mr. Moy had moved from the Subject Premises several months earlier (in May of 2007), and, in

fact, Mr. Moy was residing in Brooklyn on the date of the alleged service.

15.     As a result of EE&C causing him to be served at an address where he no longer resided,

Mr. Moy failed to receive timely notice of the lawsuit filed by the Defendant.

16.     Having received no notice, Mr. Moy failed to answer the summons and complaint.

17.     On or about March 13, 2008, EE&C attorney Steven Rinsler filed an affirmation in

support of a default judgment against Mr. Moy in the State action, and on or about May 19,

2008, the State Court issued a money judgment against Mr. Moy and in favor of Erin on default.

18.     By letter dated August 18, 2011 (the "August 18 Letter"), EE&C communicated with Mr.

Moy at his Brooklyn address about this same debt, saying, in relevant part, "Please be advised

that Eltman, Eltman & Cooper P.C. has been retained by ERIN CAPITAL MANAGEMENT,

LLC, purchaser of the above account, for collection of this debt." Nowhere in the letter did

EE&C inform Mr. Moy that EE&C attorney Steven Rinsler had verified a complaint which

3

EE&C filed against him; that EE&C attorney Steven Rinsler had subsequently filed another sworn pleading seeking a default judgment, or that a default judgment had already been entered against him in that lawsuit.

19.     The August 18 Letter continued, saying, "Currently, no attorney has personally reviewed the particular circumstances of your account, and this letter should not be taken as a representation of any such review nor as a threat of legal action." Given the actions which had already been taken by EE&C, this statement was false, misleading and deceptive.

20.     When Mr. Moy eventually learned of the default judgment against him, his attorneys filed an Order to Show Cause to Vacate the Default Judgment, and the default judgment was subsequently vacated.

21.     The August 18 Letter is a boilerplate communication ("Boilerplate Communication"), the form of which was prepared and approved by EE&C for use in cases in which EE&C had already represented Erin in obtaining a default judgment against a consumer.

22.     Upon information and belief, EE&C sent this Boilerplate Communication containing false and deceptive statements to hundreds or perhaps thousands of consumers against whom EE&C had already obtained default judgments on behalf of Erin.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action on behalf of himself and all other similarly situated people. Plaintiff seeks to represent a Class defined as follows:

> All persons against whom EE&C has taken a default judgment on behalf of Erin Capital Management, LLC and who thereafter, between a date one year prior to the filing of this federal court action and now, have received a communication from EE&C in connection with that same debt which falsely states that "Currently, no attorney has personally reviewed the particular

4

circumstances of your account, and this letter should not be taken
as a representation of any such review nor as a threat of legal
action."

24.     Excluded from the Class are all claims for personal injury, anyone employed by counsel

for Plaintiff in this action; and any Judge to whom this case is assigned as well as his or her

immediate family and staff.

25.     This action has been brought and may properly be maintained on behalf of the Class

proposed above under the criteria of Federal Rule of Civil Procedure Rule 23.

26.     Numerosity. Members of the Class are so numerous that their individual joinder herein is

impracticable. Upon information and belief, EE&C sent hundreds, if not thousands, of the

Boilerplate Communications described herein.

27.     Although the exact number of Class members and their addresses are unknown to

Plaintiff, they are readily ascertainable from Defendant's records.

28.     Existence and predominance of common questions. Common questions of law and fact

exist as to Plaintiff and all members of the Class and predominate over questions affecting only

individual Class members. These common questions include:

(a)     Whether Defendant falsely represented to class members that the debt about which

        Defendant was communicating had not been reviewed by an attorney;

(b)     Whether Defendant falsely represented to class members that the class members

        should not interpret the letter that they received as a threat of legal action, when, in

        fact, Defendant knew that legal action had already been taken against each class

        member;

5

(c)     Whether Defendant engaged in unfair and/or deceptive debt collection practices in violation of 15 USC 1692 et seq.; and

(d)     Whether Plaintiffs and the other Class members are entitled to statutory damages, costs and attorneys fees under the FDCPA.

29.     Typicality. Plaintiff's claims are typical of the claims of the Class because, among other things, Plaintiff was sued in a consumer collection action in New York State in which (1) EE&C represented Erin Capital Management, LLC; and (2) the Boilerplate Communication received by Plaintiff contained the false statement that "Currently, no attorney has personally reviewed the particular circumstances of your account, and this letter should not be taken as a representation of any such review nor as a threat of legal action."

30.     Adequacy. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff has retained counsel competent and experienced in class action/FDCPA litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

31.     Superiority. The class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the members of the Class effectively to individually redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation presents a

6

potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

32.     In the alternative, the Class may be certified because:

    (a)     the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

    (b)     the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

    (c)     Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.


## FIRST CAUSE OF ACTION

### The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA")

33.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

34.     Congress enacted the Fair Debt Collection Practices Act to stop "the use of abusive, deceptive and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692.

7

35.    A debt collector may not "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

36.    Such a prohibition includes the false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

37.    Such a prohibition also includes the "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. §1692e(10).

38.    A debt collector may not "use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

39.    By undertaking the above referenced collection activities Defendant repeatedly violated 15 U.S.C. § 1692 *et seq*.

40.    Specifically and without limitation, Defendant violated the FDCPA by:

   a.    Falsely representing to each consumer that no attorney had personally reviewed the particular circumstances of the consumer's account, when Defendant's own attorneys had, in fact, not only reviewed the consumer's account but had initiated court action on the account and obtained a default judgment against the consumer, in violation of 15 U.S.C. § 1692,  § 1692e, § 1692e(2)(A), § 1692e(10) and § 1692f;

   b.    Falsely representing to each consumer that the Boilerplate Communication should not be taken as a threat of legal action, when Defendant knew that legal action had already been taken against the consumer, in violation of 15 U.S.C. § 1692,  § 1692e, § 1692e(2)(A), § 1692e(10) and § 1692f;

41.    As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff has

sustained statutory and actual damages, costs and attorneys' fees.

## SECOND CAUSE OF ACTION

### New York General Business Law § 349 (Governing Deceptive Acts and Practices )

42.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

43.     Each of the deceptive acts and practices set forth above, including but not limited to each deceptive act and practice set forth in the First Cause of Action was committed in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of New York General Business Law §349 (NYGBL §349) independent of whether it also constituted a violation of any other law.

44.     Each of these actions was consumer oriented and involves misleading conduct that is recurring and has a broad impact upon the public. Specifically, and without limitation, each of the unfair and deceptive practices listed above in Paragraph 40 (a) and (b) is a recurring practice that Defendant has taken, not just against Mr. Moy, but against large numbers of consumers as part of a policy and practice that is designed and has the effect of increasing Defendant's profits by increasing the number of consumer accounts handled and lowering the cost of handling each account.

45.     Each of Defendant's deceptive acts, by their nature, involve a material misrepresentation.

46.     As a result of these violations of NYGBL §349, Plaintiff has suffered pecuniary and non-pecuniary harm, including but not limited to, the costs of defending the State Action, and is therefore entitled to actual damages, punitive damages of up to $1,000, attorney's fees and costs. Mr. Moy's actual damages include, without limitation, anxiety, damage to his credit, and the cost of retaining counsel.

9

**WHEREFORE** plaintiff and members of the class respectfully request that this Court award:

A. An order certifying this case as a class action under Fed. R. Civ. P. 23;

B. A judgment declaring that Defendant has committed the violations of law alleged in this action;

C. An order directing Defendant to cease engaging in debt collection practices that violate the FDCPA and NYGBL §349;

D. Statutory and actual damages pursuant to the FDCPA;

E. Actual damages, punitive damages, and attorney's fees and costs pursuant to NYGBL §349;

F. An order awarding disbursements, costs, and attorneys' fees pursuant to the FDCPA; and

G. Such other and further relief that may be just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated: May 9, 2012
Pleasantville, New York

Respectfully Submitted,

Daniel A. Schlanger, Esq.
Elizabeth Shollenberger, Esq.
Schlanger & Schlanger, LLP
343 Manville Road
Pleasantville, NY 10570
Ph: 914-946-1981
Fax: 914-946-2930
daniel@schlangerlegal.com