UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------
JEFFREY C. MOY, on behalf of himself and all
others similarly situated,

                                    Plaintiff,       Case No. 12-cv-02382-KAM-MDG

                    v.

ELTMAN, ELTMAN & COOPER, P.C.,

                                    Defendant.
-------------------------------------------------------------

### ANSWER OF DEFENDANT ELTMAN, ELTMAN & COOPER, P.C. TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Eltman, Eltman & Cooper, P.C. ("EEC"), by and through the undersigned counsel, as and for its Answer and Affirmative Defenses to the Complaint and Jury Demand of Plaintiff, Jeffrey C. Moy, on behalf of himself and all others similarly situated (hereafter "Plaintiff"), deny each and every allegation in Plaintiff's Class Action Complaint, except as otherwise admitted herein, and state and allege as follows:

    1.      Denied.

    2.      Admitted in part and denied in part. Defendant states that the statutes referenced therein confer jurisdiction upon this Honorable Court but deny that jurisdiction is appropriate as they have not violated any law.

    3.      Denied.

    4.      Admitted in part and denied in part. Defendant states that the statutes referenced therein confer jurisdiction upon this Honorable Court but deny that jurisdiction is appropriate as they have not violated any law.

5.     The allegations in this paragraph state legal conclusions to which no response is necessary. To the extent a response is required, Defendant admits that venue is appropriate in this District.

6.     Denied. Defendant denies the allegations in this paragraph because it lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

7.     Denied. Defendant denies the allegations in this paragraph because it lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

8.     Admitted.

9.     Admitted.

10.    Denied. Defendant denies the allegations in this paragraph as, while the language quoted may have appeared on its website in the past, it no longer does.

11.    Denied. Defendant denies the allegations in this paragraph because, while for some purposes Defendant is considered a "debt collector" as that term is defined in the Fair Debt Collection Practices Act ("the Act"), Defendant lacks sufficient knowledge and information to form a belief as to whether Defendant was a debt collector in this instance because it does not know if the Plaintiff's debt was a consumer debt nor if Plaintiff was a "consumer" as defined in the Act and therefore denies the same.

12.    Admitted in part and denied in part. While the complaint referred to was signed by Steven Rinsler of counsel as attorney for plaintiff, the verification was sworn to by the plaintiff and not by Mr. Rinsler.

13.    Admitted.

14.     Denied. Defendant denies the allegations in this paragraph because it lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

15.     Denied.

16.     Admitted in part and denied in part. Defendant admits that Mr. Moy failed to answer the summons and complaint, but denies that he never received notice.

17.     Admitted.

18.     Admitted in part. Admits the allegations contained in this paragraph and respectfully refers the Court to the referenced letter for its contents and legal import, if any.

19.     Admitted in part and denied in part. Defendant admits the first sentence of this paragraph as to the language contained in the letter, but denies that said language was false, misleading or deceptive.

20.     Admitted in part and denied in part. Defendant admits that Mr. Moy's attorneys filed an Order to Show Cause and that the judgment was vacated, but lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

21.     Admitted in part and denied in part.  Defendant admits that it prepared and used the referenced letter, but denies the remainder of the allegations in this paragraph. Defendant also denies the use of the term "boilerplate" because it lacks sufficient knowledge and information to form a belief as to the truth of that allegation and therefore denies the same.

22.     Admitted in part and denied in part. Defendant admits that it sent letters similar in form to Exhibit A to consumers, but denies the remaining allegations in that paragraph and specifically denies that said letter contained false or deceptive statements. Defendant also denies

the use of the term "boilerplate" because it lacks sufficient knowledge and information to form a belief as to the truth of that allegation and therefore denies the same.

23.      Admitted in part and denied in part. Defendant admits that Plaintiff is attempting to define a class. Defendant denies that Plaintiff can define a viable class in the absence of any violative conduct on the part of the Defendant. A factual basis for the violative conduct as to the Defendant is demanded of Plaintiff.

24.      Denied. The allegations in this paragraph state legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in this paragraph because it lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

25.      Denied. The allegations in this paragraph state legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in this paragraph because it lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

26.      Admitted in part and denied in part. Defendant admits that it sent letters similar in form to Exhibit A but denies the remainder of the allegations in this paragraph.

27.      Denied.

28.      Denied. Defendant denies the allegations in this paragraph and all sub-paragraphs.

29.      Denied.

30.      Denied. Defendant denies the allegations in this paragraph because it lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

31.      Denied.

32.     Denied. Defendant denies the allegations in this paragraph and all sub-paragraphs.

33.     No response is required as this paragraph simply incorporates preceding paragraphs by reference.

34.     Neither admitted nor denied. The allegations in this paragraph state legal conclusions to which no response is necessary. To the extent a response is required, Defendant alleges that the statute speaks for itself.

35.     Neither admitted nor denied. The allegations in this paragraph state legal conclusions to which no response is necessary. To the extent a response is required, Defendant alleges that the statute speaks for itself.

36.     Neither admitted nor denied. The allegations in this paragraph state legal conclusions to which no response is necessary. To the extent a response is required, Defendant alleges that the statute speaks for itself.

37.     Neither admitted nor denied. The allegations in this paragraph state legal conclusions to which no response is necessary. To the extent a response is required, Defendant alleges that the statute speaks for itself.

38.     Neither admitted nor denied. The allegations in this paragraph state legal conclusions to which no response is necessary. To the extent a response is required, Defendant alleges that the statute speaks for itself.

39.     Denied.

40.     Denied. Defendant denies the allegations in this paragraph and all sub-paragraphs.

41.     Denied.

42.     No response is required as this paragraph simply incorporates preceding paragraphs by reference.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

## ANSWER TO DEMAND FOR JURY TRIAL

47.     No response is required of Defendant to Plaintiff's Demand for a Trial by Jury. To the extent a response is required, Defendant admits that Plaintiff purports to request a trial by jury, but denies that a jury trial is appropriate as Defendant is entitled to judgment as a matter of law.

## AFFIRMATIVE DEFENSES

48.     For a first affirmative defense, Defendant states that the Plaintiff's Complaint, and each purported claim for relief contained therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

49.     For a second affirmative defense, if Defendant violated the FDCPA, which is denied, neither Plaintiff nor the putative class has incurred actual damages.

50.     For a third affirmative defense, Defendant states that any violation of law or damage suffered by the Plaintiff, which Defendant expressly denies, was not intentional and resulted from a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such errors and for which no liability can attach.

51.     For a fourth affirmative defense, Defendant states that any violation of the law or damage suffered by the Plaintiff, which Defendant expressly denies, was due to the affirmative actions and/or omissions of the Plaintiff or others over whom Defendant does not have control, and therefore, does not give rise to any liability of Defendant.

52.     For a fifth affirmative defense, Defendants state that they are entitled to receive a set-off and reduction against any amounts recovered by the Plaintiff from any other party or source, including, but not limited to, insurance or separate litigation.

53.     For a sixth affirmative defense, Defendant states that at all times it acted in compliance with the Fair Debt Collection Practices Act and the laws of the State of New York.

54.     For a seventh affirmative defense, Defendant states that Plaintiff's claims are barred by the doctrines of collateral estoppel and/or *res judicata*.

55.     For an eighth affirmative defense, Defendant denies that any actions or inactions by Defendant caused any damages to Plaintiff.

56.     For a ninth affirmative defense, Defendant states that Plaintiffs failed to allege that Defendant engaged in any "deceptive" conduct or that Defendant has misled them in a material way to support their claim under New York's General Business Law § 349.

57.     For a tenth affirmative defense, Defendant objects to the definition of the "class" set forth in the Complaint.  In the event that Plaintiff moves, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for leave to maintain this lawsuit as a class action, to certify a class for purposes of adjudicating the claims in the Complaint, and/or to certify Plaintiff as class representative, Defendant reserves the right to object to any definition of the class that is proposed by Plaintiff including, but not limited to, the definition of "class" that is set forth in the Complaint.

58.     For an eleventh affirmative defense, Defendant states that Plaintiff's claims are not typical of the class members' individual claims and, therefore, Plaintiff is not an appropriate class representative.

59.     Defendant reserves the right to assert such other defenses available pursuant to Federal Rules of Civil Procedure 8(c) and 12(b) as may be revealed through discovery and disclosure in this matter.

## **RESERVATION OF CLAIM FOR ATTORNEYS FEES**

60.     Defendant reserves the right to assert a claim under 15 U.S.C. § 1692K(a)(3) as may be revealed through discovery and disclosure in this matter.

**WHEREFORE**, Defendant demands that judgment be entered dismissing this case with prejudice and on the merits and that it be awarded its costs and disbursements incurred herein.

Dated: July 12, 2012
        New York, NY

                            Respectfully submitted,

                            ELTMAN, ELTMAN & COOPER, P.C.

                            By:    /s/ Pushpa L. Piyatissa
                                    Pushpa L. Piyatissa
                            Attorneys for the Defendant
                            *Eltman, Eltman & Cooper, P.C.*
                            140 Broadway, 26th Floor
                            New York, NY 10005
                            Email: ppiyatissa@eltmanlaw.com
                            Telephone: (347) 662-2156
                            Facsimile: (212) 660-3101