UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY C. MOY,<br>on behalf of himself and<br>others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELTMAN, ELTMAN & COOPER, P.C.<br><br>Defendant. | **FIRST AMENDED COMPLAINT**<br><br>**JURY DEMANDED HEREON**<br><br>1:12-cv-02382-KAM-MDG<br><br>Hon. Kiyo A. Matsumoto<br><br>Hon. Marilyn D. Go |

Plaintiff Jeffrey Moy on behalf of himself and others similarly situated, for his complaint, alleges, upon personal knowledge and upon information and belief, as follows:

## INTRODUCTION

1. This class action seeks to vindicate the rights of certain New York consumers who received false and deceptive collection letters from the law firm of Eltman, Eltman & Cooper, PC (EE&C). Specifically, EE&C, as attorneys, filed actions and, in many cases, obtained default judgments against certain New York consumers on behalf of Erin Capital Management, LLC ("Erin"). Thereafter, EE&C sent each of those same consumers a letter that contained false and misleading information. These letters not only failed to inform the consumer that default judgments had been entered, but falsely assured the consumer that no attorney at EE&C had reviewed the matter and no intent of legal action should be taken from the letter. In short, the EE&C letters constitute false and deceptive collection attempts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §1337.

3. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.

4. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5. Venue in this District is proper because the acts and transactions that give rise to this action occurred, in substantial part, in this district and Plaintiff resides in this Judicial District.

## PARTIES

6. Plaintiff Jeffrey Moy (Mr. Moy) is a natural person who has resided at all relevant times in Brooklyn, New York.

7. Mr. Moy is a consumer as defined in the FDCPA § 1692a(3).

8. EE&C is a law firm engaged in the collection of debts.

9. EE&C has a principal place of business located at 140 Broadway, 26th Floor, New York, NY 10005.

10. EE&C's principal purpose is the collection of debts.

11. EE&C regularly attempts to collect debts alleged to be due another in the State Courts in New York.

12. According to its website at www.eltmanlaw.com/about/aboutourfirm.asp, EE&C:

> [h]as been a leading practitioner of credit and collections law since 1947. Since 1993, Eltman, Eltman & Cooper has been a pioneer in using legal collections and judgment enforcement to maximize returns in the debt buying industry. The firm now has established a new collection niche that capitalizes on the latest innovations in modeling and investigation techniques to revolutionize judgment enforcement.

13. In sum, EE&C is a debt collector as defined by 15 U.S.C. § 1692a(6).

## FACTS

14. On or about October 9, 2007, EE&C filed a collection lawsuit against Mr. Moy in New York County Civil Court, titled Erin Capital Management, LLC v. Jeffrey C. Moy, Index Number 56142-07/NY (hereinafter the "State action"). The Verified Complaint in the State action was signed under penalty of perjury by EE&C attorney Steven Rinsler, Esq.

15. In its lawsuit, Erin Capital Management, LLC ("Erin") sought to collect an alleged debt from Mr. Moy that was incurred primarily personal, family or household purposes.

16. An Affidavit of Service was filed in the State action alleging that service of process had been made on Mr. Moy on October 16, 2007 by leaving a copy of the summons and complaint with "Jane Smith, co-tenant of the Defendant," at 11 Avenue D, Apartment 13, New York, NY 10009 (the "Subject Premises").

17. Mr. Moy had no such "co-tenant" at the Subject Premises in October of 2007, because Mr. Moy had moved from the Subject Premises several months earlier (in May of 2007), and, in fact, Mr. Moy was residing in Brooklyn on the date of the alleged service.

18. As a result of EE&C causing him to be served at an address where he no longer resided, Mr. Moy failed to receive timely notice of the lawsuit filed by the Defendant.

19. Having received no notice, Mr. Moy failed to answer the summons and complaint.

20. On or about March 13, 2008, EE&C attorney Steven Rinsler filed an affirmation in support of a default judgment against Mr. Moy in the State action, and on or about May 19, 2008, the State Court issued a default money judgment against Mr. Moy and in favor Erin.

21. EE&C's application for default included an affirmation, sworn by Mr. Rinsler, containing numerous statements regarding its entitlement to judgment, including:

   a. the correctness of the disbursements listed in the application;

  b. that Mr. Moy had failed to "answer or move";

  c. that Mr. Moy's time to "answer or move" had expired; and

  d. that Erin "is entitled to judgment by default."

22. By letter dated August 18, 2011 (the "August 18 Letter"), EE&C communicated with Mr. Moy at his Brooklyn address about this same alleged debt, saying, in relevant part, "Please be advised that Eltman, Eltman & Cooper P.C. has been retained by ERIN CAPITAL MANAGEMENT, LLC, purchaser of the above account, for collection of this debt."

23. Nowhere in the letter did EE&C inform Mr. Moy that an EE&C attorney had verified a complaint which EE&C filed against him regarding the Erin account.

24. Nowhere in the letter did EE&C inform Mr. Moy that an EE&C attorney had filed s sworn pleading seeking a default judgment regarding the Erin account.

25. Nowhere in the letter did EE&C inform Mr. Moy that an EE&C attorney had obtained against Mr. Moy in that lawsuit a default judgment regarding the Erin account.

26. The August 18 Letter continued, saying, "Currently, no attorney has personally reviewed the particular circumstances of your account, and this letter should not be taken as a representation of any such review nor as a threat of legal action."

27. Given the actions that had already been taken by EE&C, this statement was false, misleading and deceptive.

28. At the time EE&C had sent its August 18 letter to Mr. Moy, an attorney for EE&C had personally reviewed Mr. Moy's account with Erin.

29. Prior to applying for the default judgment against Mr. Moy, an EE&C attorney had personally reviewed Mr. Moy's account.

30. When Mr. Moy eventually learned of the default judgment against him, his attorneys

filed an Order to Show Cause to Vacate the Default Judgment, and the default judgment was subsequently vacated.

31. The August 18 Letter is a boilerplate communication ("Boilerplate Communication"), the form of which was prepared and approved by EE&C for use in cases in which EE&C had already represented Erin in obtaining a default judgment against a consumer.

32. Upon information and belief, EE&C sent this Boilerplate Communication containing false and deceptive statements to hundreds or perhaps thousands of consumers (at addresses within Kings County) against whom EE&C had already obtained default judgments on behalf of Erin.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and others similarly situated. Plaintiff seeks to represent a Class defined as follows:

> All persons to whom EE&C, on or after May 15, 2011, sent a letter to an address within Kings County regarding an Erin Capital Management LLC account that contained a statement materially identical or substantially similar to the August 18 Letter sent to the Plaintiff, which stated in relevant part: "Currently, no attorney has personally reviewed the particular circumstances of your account, and this letter should not be taken as a representation of any such review nor as a threat of legal action" when the letter was sent after EE&C had previously commenced an action and/or obtained a judgment against that person regarding that same Erin Capital Management LLC account.

34. Excluded from the Class is any Judge to whom this case is assigned.

35. This action has been brought and may properly be maintained on behalf of the Class proposed above under the criteria of Federal Rule of Civil Procedure Rule 23.

36. <u>Numerosity</u>. Members of the Class are so numerous that their individual joinder herein is impracticable. Upon information and belief, EE&C sent hundreds, if not thousands, of the Boilerplate Communications described herein.

37. Although the exact number of Class members and their addresses are presently unknown to Plaintiff, they are readily ascertainable from Defendant's records.

38. <u>Existence and predominance of common questions</u>. Common questions of law and fact exist as to Plaintiff and all members of the Class and predominate over questions affecting only individual Class members. These common questions include:

(a) Whether Defendant falsely represented that the account about which Defendant was communicating had not been reviewed by an attorney;

(b) Whether Defendant falsely represented that the class members should not interpret the letter that they received as a threat of legal action, when, in fact, Defendant knew that legal action had already been taken against each class member;

(c) Whether the Defendants' representations misrepresented by act or omission the existence of a state court collection action filed by EE&C, as well as the procedural status of that state court action;

(d) Whether Defendant engaged in unfair and/or deceptive debt collection practices in violation of 15 USC 1692 *et seq.*; and

(e) Whether Plaintiffs and the other Class members are entitled to statutory damages, costs and attorney's fees under the FDCPA.

39. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class because, among other things, Plaintiff was sued in a consumer collection action in New York State in which (1) EE&C represented Erin Capital Management, LLC; and (2) the Boilerplate Communication sent by EE&C to an address within Kings County contained the false statement that "Currently, no attorney has personally reviewed the particular circumstances of your account, and this letter should not be taken as a representation of any such review nor as a threat of legal action."

40. Because the class is comprised of only those persons who were sent a letter to an address within Kings County with that statement (or a materially identical or substantially similar statement) after having an action commenced and/or default judgment entered against them by EE&C, Plaintiff's claims are typical of the claims of those persons.

41. <u>Adequacy</u>. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff has retained counsel competent and experienced in class action/FDCPA litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

42. <u>Superiority</u>. The class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the members of the Class effectively to individually redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

43. In the alternative, the Class may be certified because:

    (a) the prosecution of separate actions by the individual members of the Class would

create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

(b)     the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

(c)     Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

44.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

45.     Congress enacted the Fair Debt Collection Practices Act to stop "the use of abusive, deceptive and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692.

46.     A debt collector may not "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

47.     Such a prohibition includes the false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

48.     Such a prohibition also includes the "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. §1692e(10).

49.     A debt collector may not "use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

50.     By undertaking the above referenced collection activities Defendant repeatedly violated 15 U.S.C. § 1692 *et seq*.

51.     Specifically and without limitation, Defendant violated the FDCPA by:

a. Falsely representing to each consumer that no attorney had personally reviewed the particular circumstances of the consumer's account, when Defendant's own attorneys had, in fact, not only reviewed the consumer's account but had initiated court action on the account and, in many cases, obtained a default judgment against the consumer, in violation of 15 U.S.C. §§ 1692, 1692e, 1692e(2)(A), 1692e(10) and 1692f;

b. Falsely representing to each consumer that the Boilerplate Communication should not be taken as a threat of legal action, when Defendant knew that legal action had already been taken against the consumer, in violation of 15 U.S.C. §§ 1692, 1692e, 1692e(2)(A), 1692e(10) and 1692f;

*[rest of page intentionally left blank]*

52.  As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff has sustained statutory and actual damages, costs and attorneys' fees.

**WHEREFORE** plaintiff and members of the class respectfully request that this Court award:

A. An order certifying this case as a class action under Fed. R. Civ. P. 23, naming Plaintiff as Class Representative, and appointing his attorneys as Class Counsel;
B. A judgment declaring that Defendant has committed the violations of law alleged in this action;
C. Statutory a damages pursuant to the FDCPA;
D. An order awarding disbursements, costs, and attorneys' fees pursuant to the FDCPA; and
E. Such other and further relief that may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated: September 19, 2012
       Pleasantville, New York

Respectfully Submitted,

Daniel A. Schlanger, Esq.
Elizabeth Shollenberger, Esq.
Schlanger & Schlanger, LLP
343 Manville Road
Pleasantville, NY 10570
Ph: 914-946-1981
Fax: 914-946-2930
daniel@schlangerlegal.com