

ATTORNEYS AT LAW

780 Third Avenue
4th Floor
New York, NY 10017

T 212-471-6200
F 212-935-1166
www.hinshawlaw.com

Concepcion A. Montoya
212-471-6228
cmontoya@hinshawlaw.com

October 2, 2012

**BY ECF**
Hon. Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    *Re:*  *Moy v. Eltman, Eltman & Cooper, P.C.*
       12 CV 02382 (KAM)(MDG)

Dear Judge Matsumoto:

  We represent Defendant Eltman, Eltman & Cooper, P.C. in the above-referenced matter and write, pursuant to Your Honor's Rules, to request a pre-motion conference. For the reasons set forth below, Defendant intends to move to dismiss the First Amended Complaint (the "Amended Complaint"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

  On May 14, 2012, Plaintiff filed the Class Action Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et al*. ("FDCPA"). An initial conference was held before Magistrate Go on August 20, 2012 where Plaintiff was permitted to amend the Complaint by September 20, 2012. Plaintiff filed the Amended Complaint on September 19, 2012. In the Amended Complaint, Plaintiff specifically alleges violations of §§ 1692e, 1692e(2)(A), 1692e(10) and 1692f. (Amended Complaint, ¶ 51). In essence, Plaintiff alleges that Defendant's failure to inform Plaintiff of a prior collection action filed in 2007 before the New York County Civil Court and in which Defendant obtained a default judgment in 2008 amounts to false, misleading and deceptive collection practice in violation of the FDCPA. (Amended Complaint, ¶¶ 14-29). Moreover, Plaintiff alleges that the statement, "Currently, no attorney has personally reviewed the particularly circumstances of your account, and this letter should not be taken as a representation of any such review nor as a threat of legal action" (Amended Complaint, ¶ 26) is misleading in light of the collection action filed in Civil Court.

  Defendant respectfully submits that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed as a matter of law. Plaintiff's allegations regarding misrepresentations about attorney review do not amount to a violation of § 1692e of the FDCPA as to mislead the "least sophisticated consumer." The Second Circuit requires

Hon. Kiyo A. Matsumoto
October 2, 2012
Page 2

"meaningful" attorney involvement and a violation is found only where a collection letter implies such meaningful review when, in fact, no such review is undertaken. *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360 (2d Cir. 2005). The opposite is true in this case – the letter clearly states that no such review has been undertaken and the debtor is advised that no representation is being made as to such review. The language of the letter is plain and unmistakable: <u>currently</u>, no attorney has reviewed the particular circumstances of the debtor's file. Notwithstanding the prior collection action in 2007 and 2008, the collection letter states that no such review had taken place at the time that the letter was sent out in November, 2011. Plaintiff's theory turns the policy behind the FDCPA and Second Circuit law on its head and seeks to find liability where no such liability is to be found.

In addition, the FDCPA does not require a collector to disclose the prior collection measures or collection proceedings in an initial communication. *See* § 1692e. Moreover, such omissions do not amount to a violation of the FDCPA because they are not materially misleading misrepresentations. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033-34 (9th Cir. 2010); *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009). Assuming, *arguendo*, that an attorney had in fact reviewed the file albeit the letter says otherwise, such misrepresentation is benign and immaterial.

Finally, the Amended Complaint does not plead any facts to support a claim for violations under § 1692f. Under the law, the alleged unfair or unconscionable conduct must be in addition to other claimed violations and not merely duplicative of any other alleged violation. *Annis v. Eastern Asset Management, LLC*, 2010 WL 1035273, *4 (W.D.N.Y. 2010); *Pearce v. Ethical Asset Management, Inc.*, 2010 WL 932597, *3 (W.D.N.Y. 2010); *Krapf v. Collectors Training Institute of Illinois, Inc.*, 2010 WL 584020, *4 (W.D.N.Y. 2010); *Moore v. Diversified Collection Services, Inc.*, 2009 WL 1873654, *4 (E.D.N.Y. 2009); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006). The Complaint does not allege any additional facts amounting to an independent and separate violations under § 1692f. Accordingly, these claims do not meet the pleading standards set forth in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), which requires sufficient factual allegations to support the legal conclusions and that these factual allegations give rise to an entitlement to relief.

For all of these reasons, Defendant intends to move to dismiss the Amended Complaint and accordingly request a pre-motion conference in furtherance thereof. To that end, DCS proposes the following briefing schedule: Moving papers to be served by October 29, 2012; opposition papers to be served by November 12, 2012; and reply papers to be served by November 26, 2012. We also respectfully request that discovery be stayed while the motion is pending.

Hon. Kiyo A. Matsumoto
October 2, 2012
Page 3

    We thank the Court for its consideration in these matters.

                                                  Respectfully submitted,

                                                  HINSHAW & CULBERTSON LLP
                                                  *Attorneys for Defendant Eltman, Eltman &*
                                                     *Cooper, P.C.*

                                               By:     *s/ Concepcion A. Montoya*
                                                           Concepcion A. Montoya [CM-7147]

cc:      Daniel A. Schlanger, Esq.