

ATTORNEYS AT LAW

780 Third Avenue
4th Floor
New York, NY 10017

T 212-471-6200
F 212-935-1166
www.hinshawlaw.com

Concepcion A. Montoya
212-471-6228
cmontoya@hinshawlaw.com

November 13, 2012

**BY ECF**

Hon. Kiyo A. Matsumoto           Hon. Marilyn D. Go
United States District Judge      United States Magistrate Judge
United States District Court      United States District Court
Eastern District of New York      Eastern District of New York
225 Cadman Plaza East             225 Cadman Plaza East
Brooklyn, NY 11201                Brooklyn, NY 11201

        Re:    *Moy v. Eltman, Eltman & Cooper, P.C.*
              *12 CV 02382 (KAM)(MDG)*

Dear Judge Matsumoto and Magistrate Go:

      We represent Defendant Eltman, Eltman & Cooper, P.C. in the above-referenced matter and write in response to Plaintiff's letter today regarding the scope of the proposed confidentiality order.

      At the outset, Plaintiff's counsel completely mischaracterizes our letter to the Court, dated November 9, 2012 (Docket Entry No. 18) by stating that Defendant has proposed "an astonishingly broad and unprecedented confidentiality order." This is a complete misreading of the November 9th letter which proposes a limited confidentiality order consistent with Judge Matsumoto's Order, dated October 26, 2012. As reflected in our November 9th letter, we did not request that the Court endorse the draft confidentiality stipulation and protective order which Plaintiff rejected. Moreover, we never represented to the Court that Plaintiff has consented to any of the proposed confidentiality stipulations. Indeed, we expressly stated in the November 9th letter that Plaintiff has (a) rejected the first proposed confidentiality stipulation and (b) has yet to take a position with respect to the proposed confidentiality order limited to information regarding net worth and class size.[1]

      Plaintiff's counsel now takes issue with the Court's October 26, 2012 Order, which should have been raised either at the conference or as soon thereafter. Indeed, Plaintiff has consistently represented before the Court and counsel that they will treat the net worth

---

[1] Tellingly, Plaintiff's counsel omits my response email to him, dated November 8, 2012, from the exhibits he submitted with his letter. This email expressed Defendant's concern that the information regarding net worth and class size be disclosed pursuant to a confidentiality order as directed by the Court. A copy of the November 8, 2012 email is enclosed.

Hon. Kiyo A. Matsumoto
Hon. Marilyn D. Go
November 9, 2012
Page 2

information as confidential. In the letter submitted today, they have backed off from that position and, for the first time, object to the October 26, 2012 Order.

With respect to Plaintiff's claim that the net worth should not be kept confidential, Plaintiff reliance on *Greer v. Shapiro & Kreisman*, 2001 U.S. Dist. LEXIS 21114, 9-10 (E.D. Pa. Dec. 18, 2001) is completely misplaced. In *Greer*, the Court denied the proposed class settlement because Plaintiff failed to explain "why, based on her calculation of the Defendant's net worth, the class would receive nothing if the case goes to trial and the maximum statutory recovery was awarded. This information is necessary for the Court to assess the fairness of the proposed settlement." *Id*. at *4. The Court never held that the net worth information should be publicly disclosed in order to assess the fairness, only that such information should have been disclosed to the Court. Indeed, the parties in *Greer* had a confidentiality agreement in place where the net worth information was disclosed subject to that agreement. This practice is consistent with Defendant's proposed confidentiality orders which are not designed to exclude the Court from reviewing such information. Even the broader draft confidentiality order – which Defendant did <u>not</u> submit for this Court's endorsement contrary to Plaintiff's assertion – specifically states that the any information disclosed pursuant to such stipulation is available for the Court to review at any stage of the proceeding.[2] Indeed, it is not uncommon for net worth information (including supporting financial documents) to be disclosed subject to a confidentiality order and/or a sealing order in FDCPA matters.

With respect to the class size information, Defendant does not object to disclosing that information without a confidentiality order.

In sum, Defendant respectfully submits that Plaintiff's letter to the Court is overblown and inaccurate. Defendant's sole purpose is to comply with the October 26, 2012 Order and, in that regard, sought this Court's assistance in ensuring such compliance.

---

[2] Defendant also notes that the first confidentiality stipulation and protective order submitted to Plaintiff for consideration did not envision that <u>all</u> discovery would be held confidential. Specifically, the proposed stipulation stated that the provisions apply only with respect to materials designated as "confidential" or for "attorney's eyes only," <u>and not all discovery</u>. *See* Exhibit 1 to letter dated November 9, 2012, paragraphs 3 and 4. Moreover, the proposed confidentiality stipulation and protective order contained provisions for objecting to any material designated as "confidential" or for "attorney's eyes only" consistent with the Federal Rules.

Hon. Kiyo A. Matsumoto
Hon. Marilyn D. Go
November 9, 2012
Page 3

    We thank the Court for its assistance in this regard.

        Respectfully submitted,

        HINSHAW & CULBERTSON LLP
        *Attorneys for Defendant Eltman, Eltman &*
         *Cooper, P.C.*

        By:  *s/ Concepcion A. Montoya*_____
             Concepcion A. Montoya [CM-7147]

Encl.
cc:    Daniel A. Schlanger, Esq. (Via ECF)

| | | |
|---|---|---|
| Concepcion A. Montoya/HC31<br>11/08/2012 03:52 PM | To | "Daniel A. Schlanger, Esq." <daniel.schlanger@schlangerlegal.com> |
| | cc | "Christopher J. McGinn (mcginn.chris@gmail.com)" <mcginn.chris@gmail.com>, "Peter T. Lane, Esq." <peter.lane@schlangerlegal.com> |
| | bcc | |
| | Subject | RE: Moy v. Eltman - Proposed Confidentiality Stipulation and Order |

Dan,

Although I understand your position, I am more concerned with the specific provisions of Judge Matsumoto's Order on October 31, 2012 (and essentially contains the same language of the October 26, 2012 Order), which states as follows (the relevant language is underlined):

**ORDER. In light of defendant's letter motion on consent (sent to court via fascimile due to the ongoing difficulties with the ECF system), the deadlines previously set by the court's order dated 10/26/12 are extended by one week, as follows : (i) On or before 11/9/12, <u>defendant shall, pursuant to a confidentiality order to be submitted to Judge Go, provide to plaintiffs defendant's estimate of the size of the putative plaintiff class and documents setting forth defendant's current net worth for purposes of damages calculations</u>; (ii) on or before 11/22/12, plaintiffs shall serve upon defendant a realistic, written settlement demand, taking into account the fact that class action suits require additional motion practice to move forward; (iii) on or before 12/7/12, defendant shall serve upon plaintiffs a written settlement response; and (iv) on or before 12/14/12, the parties should be prepared to appear before Judge Go for a settlement conference to be held on a mutually agreeable date. Additionally, on or before 12/28/12, the parties shall submit a joint status letter to the court via ECF setting forth: (i) the parties' progress toward settlement, if any; and (ii) if settlement is not a possibility and the parties wish to proceed with motion practice, a mutually agreeable briefing schedule for any motions the parties wish to make. Ordered by Judge Kiyo A. Matsumoto on 10/31/2012. (Kelley, Jamuna)**

**Concepcion A. Montoya**
Attorney at Law
780 Third Avenue 4th Floor, New York, NY, 10017
Tel: 212-471-6200 | Fax: 212-935-1166
E-mail: cmontoya@hinshawlaw.com

# HINSHAW
& CULBERTSON LLP

"Daniel A. Schlanger, Esq." <daniel.schlanger@schlangerlegal.com>

| | | | |
|---|---|---|---|
|  | "Daniel A. Schlanger, Esq." <daniel.schlanger@schlangerlegal.com><br>11/08/2012 03:40 PM | To | "cmontoya@hinshawlaw.com" <cmontoya@hinshawlaw.com> |
| | | cc | "Christopher J. McGinn (mcginn.chris@gmail.com)" <mcginn.chris@gmail.com>, "Peter T. Lane, Esq." <peter.lane@schlangerlegal.com> |



Subject: RE: Moy v. Eltman - Proposed Confidentiality Stipulation and Order

Connie:

What was discussed at the telephonic conference and contemplated by Judge Matsumoto's ECF Order was an agreement to keep confidential Defendant's certified financial statement (which was to support Defendants' assertions regarding its net worth, Defendant has agreed to provide as part of the settlement process). We did not agree to a more generalized agreement regarding confidentiality as applied to the rest of discovery, nor is it necessary to enter into any such broader agreement at this time given that the parties are jointly seeking to stay all discovery until settlement negotiations have been attempted and, failing amicable resolution, your not-yet-filed motion to dismiss is fully briefed and decided.

Again, I have no issue with keeping the financial statement or other supporting financial information confidential.

Dan

Daniel A. Schlanger, Esq.
Schlanger & Schlanger, LLP
**Main Phone:** 914-946-1981, ext. 101 |    **Email:** daniel.schlanger@schlangerlegal.com
www.NewYorkConsumerProtection.com

| Westchester Office: | Manhattan Office: |
|---|---|
| 343 Manville Road | 9 East 40th St., Ste. 1300 |
| Pleasantville, NY 10570 | New York, NY 10016 |
| Fax: 914.946.2930 | Fax: 212.500.6114 |

**From:** cmontoya@hinshawlaw.com [mailto:cmontoya@hinshawlaw.com]
**Sent:** Thursday, November 08, 2012 1:01 PM
**To:** Daniel A. Schlanger, Esq.
**Cc:** Christopher J. McGinn (mcginn.chris@gmail.com); Peter T. Lane, Esq.
**Subject:** Moy v. Eltman - Proposed Confidentiality Stipulation and Order

Dan,

In accordance with Judge Matsumoto's scheduling order, attached below is the proposed Confidentiality Stipulation and Order for your review and comment. I would like to submit this to Magistrate Go for consideration in anticipation of the information that we are to disclose tomorrow. In the event that Judge Go does not rule on this proposal in time, will you consent to treating the information regarding class size and Eltman's net worth as "confidential" and/or "for attorney's eyes only" until the proposed Confidentiality Stipulation and Order is endorsed by the Court?

Thanks,

Connie

**Concepcion A. Montoya**
Attorney at Law
780 Third Avenue 4th Floor, New York, NY, 10017
Tel: 212-471-6200 | Fax: 212-935-1166
E-mail: cmontoya@hinshawlaw.com

# HINSHAW
& CULBERTSON LLP

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.