

ATTORNEYS AT LAW

780 Third Avenue
4th Floor
New York, NY 10017

T 212-471-6200
F 212-935-1166
www.hinshawlaw.com

Concepcion A. Montoya
212-471-6228
cmontoya@hinshawlaw.com

May 31, 2013

**BY ECF**
Hon. Marilyn D. Go
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    *Re:* *Moy v. Eltman, Eltman & Cooper, P.C.*
       Docket No. 12-CV-02382 (KAM)(MDG)

Dear Magistrate Go:

  We represent Defendant Eltman, Eltman & Cooper, P.C. in the above-referenced matter. As the Court is aware, Defendant had to perform additional searches to respond to Plaintiff's concerns about how the class search was originally conducted. The additional searches resulted into a potentially larger class which impacts the settlement. Accordingly, Defendant is unable to submit a motion for class approval based on the executed Settlement Agreement, which is now inaccurate. A copy of our letter to opposing counsel which explains the search results in detail and our proposal to maintain the settlement in view of the potentially larger class is enclosed herewith. Accordingly, we respectfully request that the Court address these issues at the telephone conference to be held on June 5, 2013 at 3:30 p.m.

  We thank the Court for its assistance throughout this litigation.

          Respectfully submitted,

          HINSHAW & CULBERTSON LLP

        By: *s/Concepcion A. Montoya*
          Concepcion A. Montoya [CM-7147]

Enclosure

cc: Daniel A. Schlanger, Esq. (Via ECF)
   Christopher McGinn, Esq. (Via ECF)

**Attachment**



ATTORNEYS AT LAW

780 Third Avenue
4th Floor
New York, NY 10017

T 212-471-6200
F 212-935-1166
www.hinshawlaw.com

Concepcion A. Montoya
212-471-6228
cmontoya@hinshawlaw.com

May 31, 2013

**BY EMAIL**

| | |
|---|---|
| Christopher McGinn, Esq. | Daniel A. Schlanger, Esq. |
| The Law Office of Christopher J. McGinn | Schlanger & Schlanger, LLP |
| 75 Raritan Avenue, Ste. 220 | 9 East 40th Streeet, Ste. 1300 |
| Highland Park, New Jersey  08904 | New York, New York  10016 |

> Re:  Moy v. Eltman, Eltman & Cooper, P.C.
>       Docket No. 12-CV-02382 (KAM)(MDG)

Dear Mr. McGinn and Mr. Schlanger:

In response to your letter, dated May 13, 2013, we conducted additional class searches specifically designed to address the concerns you raise.  Set forth below is an explanation of the search results and our proposal in connection with the present settlement, which takes these results into consideration.

**I.     Results Of The Additional Class Search.**

Without waiving any objections and in order to address your specific concerns, Defendant performed additional searches excluding a date delimiter; in other words, the searches were based on letters sent from May 15, 2011 that were similar to the August 18, 2011 letter, which contained language identical or substantially similar to the language contained in Plaintiff's class definition.  In addition, the searches conducted included both delivered and undelivered letters to consumers with an address in Kings County on or after May 15, 2011.  In confirming the King County addresses, Defendant was made aware that numerous accounts had an incorrect address and/or zip code; those accounts were updated, verified, and were added to the present search results as well.

We also note that Defendant does not send letters to a co-signor or another individual named on an account; therefore, each account would be issued only one letter that is sent to the primary holder of the account.  In conducting the additional searches, Defendant was also made aware that that the original search did not identify accounts which were properly part of the class but which were missing data, thereby resulting in them not appearing on the query results due to a "blank field" in the database; Defendant's further review of its records indicates that the "blank field" should have contained Defendant's name as the firm that filed suit on behalf of Erin

May 31, 2013
Page 2

Capital Management, LLC in the underlying consumer credit action. Consequently, accounts with the "blank field" were also included in the current searches performed.

Based on the foregoing, and without waiving any objections, the total number of letters sent is 4,759 and of these letters, 860 were undelivered. Defendant contends that the 860 undelivered letters should not be included in the class size and, thus, the appropriate class size should be 3,899. Plaintiff's only claim against Defendant is false and misleading representations contained in the underlying collection letter in violation of §1692(e) of the FDCPA. Defendant maintains that individuals who did not receive the letter could not have been damaged and, thus, lack standing to pursue litigation against Defendant.

## II.    Settlement Status

Notwithstanding the present results, Defendant wishes to maintain the settlement although it recognizes that the present Settlement Agreement, as executed, is now inaccurate and it would be inappropriate to submit the Settlement Agreement for approval by the Court at this time. The Settlement Agreement provides that 877 consumers are to receive a recovery of $20.00 each, for a total class settlement amount of $17,540.00. Defendant negotiated this settlement keeping in mind that, despite its negative net worth, even if Plaintiff were to succeed in the unlikely scenario of proving that Defendant has a positive net worth, Defendant's net worth would not exceed $2.0 million. Therefore, the maximum recovery that a class can obtain would not exceed $20,000.00.

Assuming a class of either 4,759 or 3,899, the net worth exposure under the FDCPA does not change. The class settlement fund thus is already either (1) significantly greater than the available net worth, according to the Defendant, or (2) close to the maximum net worth, according to the most favorable analysis for the class. Keeping these factors in mind, Defendant proposes to convert to a claim form method of notifying the class and keeping the class settlement amount at $17,540.00. Defendant will pay the additional costs for notifying the larger class and will not seek its share from any uncashed funds. By converting to a claim form method, the distinct possibility exists that class members who return a claim form may receive a larger recovery than $20.00. If this is not accepted, there is a distinct possibility that no class will get certified due to the de minimus net worth. This proposal, thus, is a reasonable resolution of the issue. It is also somewhat common for cases like this to settle with a claim form because the net worths are low and class sizes make potential recoveries very low.

We ask that you consider this proposal which, in essence, is consistent with the interests of both parties. We recognize that much work has been expended by both sides (and the Court) towards settlement and we do want to proceed with settlement. We are open to further discussing these matters with you and with the Court; in fact, the telephone conference scheduled

May 31, 2013
Page 3

on June 5, 2013 is an opportune time for such discussion.  We shall also advise the Court of the present situation.

        Very truly yours,

        HINSHAW & CULBERTSON LLP


By:    *s/Concepcion A. Montoya*
        Concepcion A. Montoya [CM-7147]