UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

JEFFREY C. MOY, on behalf of himself
and others similarly situated,

                                  PRELIMINARY APPROVAL

                  Plaintiff,       ORDER

     - against -             12-CV-2382 (MDG)


ELTMAN, ELTMAN & COOPER, P.C.,

                  Defendant.

- - - - - - - - - - - - - - - - - - - X

GO, United States Magistrate Judge:

     The above-entitled matter came before the Court on

Plaintiff's Motion for Preliminary Approval of Class Action

Settlement (ct. doc. 33).  After consideration of the submissions

and prior proceedings herein, this Court makes the following

rulings based on the findings and conclusions of law set forth

below.

I.   Conditional Certification of the Proposed Rule 23 Settlement
     Class

     1.  The Court conditionally certifies the following class

under Fed. R. Civ. P. 23(e), for settlement purposes ("Settlement

Class") of those individuals who timely opt-in and who meet the

following definition:

> All persons to whom Eltman, Eltman & Cooper, P.C., on
> or after May 15, 2011, sent a letter that was not
> returned as undeliverable to an address within Kings
> County regarding an Erin Capital Management LLC account

that contained a statement materially identical or
substantially similar to the August 18 Letter sent to
the Plaintiff, which stated in relevant part:
"Currently, no attorney has personally reviewed the
particular circumstances of your account, and this
letter should not be taken as a representation of any
such review nor as a threat of legal action" when the
letter was sent after Eltman, Eltman & Cooper, P.C. had
previously commenced an action and/or obtained a
judgment against that person regarding that same Erin
Capital Management LLC account (the "Class" or "Class
Members").

2.   Plaintiff meets all of the requirements for class

certification under Fed. R. Civ. P. 23(a) and (b)(3).

3.   Plaintiff satisfies Fed. R. Civ. P. 23(a)(1) because

there are approximately 3,647 Class Members and therefore joinder

is impracticable.  See Consol. Rail. Corp. v. Town of Hyde Park,

47 F.3d 473, 483 (2d Cir. 1995).

4.   Plaintiff satisfies Fed. R. Civ. P. 23(a)(2), the

commonality requirement, because Plaintiff and the Class Members

share common issues of fact and law, including whether the

boilerplate collection letters sent to them were false,

misleading and deceptive debt collection practices which violated

the Fair Debt Collection Practices Act.

5.   Plaintiff satisfies Fed. R. Civ. P. 23(a)(3), because

plaintiff's claims arise from the same factual and legal

circumstances that form the bases of the class members' claims.

See Prasker v. Asis Five Eight LLC, 2010 WL 476009, at *2

(S.D.N.Y. Jan. 6, 2010).

6.   Plaintiff satisfies Fed. R. Civ. P. 23(a)(4) because

plaintiff's interests are not antagonistic or at odds with class

members.   See Diaz v. Eastern Locating Servs., Inc., 2010 WL

2945556, at *2 (S.D.N.Y. July 22, 2010); Prasker, 2010 WL 476009,

at *2.   Plaintiff Jeffrey C. Moy is therefore appointed as

Settlement Class Representative.

    7.   Plaintiff also satisfies Rule 23(b)(3).   Common factual

allegations that Defendant sent Class Members boilerplate letters

containing identical language and a common legal theory

predominate over any factual or legal variations among class

members.   See Diaz, 2010 WL 2945556, at *2; Prakser, 2010 WL

476009, at *2.   Class adjudication of this case is superior to

individual adjudication because it will conserve judicial

resources and is more efficient for class members, particularly

those who lack the resources to bring their claims individually.

See Diaz, 2010 WL 2945556, at *2.


II.   Preliminary Approval of Settlement

    1.   Based upon the Court's review of the Plaintiff's Motion

for Preliminary Approval, the Declarations of Daniel A. Schlanger

and Christopher J. McGinn, and all other papers submitted in

connection with Plaintiff's Motion for Preliminary Approval, the

Court grants preliminary approval of the settlement memorialized

in the Settlement Agreement and Release, docketed as ct. doc. 35.

    2.   The Court concludes that the Settlement proposed is

within the range of possible, reasonable settlements, such that

notice to the Class is appropriate.   See In re Traffic Exec.

Ass'n, 627 F.2d 631, 634 (2d Cir. 1980).

3.   The Court finds from personal observations at numerous settlement conferences with the parties that the Settlement Agreement was reached after extensive, arm's length negotiations by counsel experienced in consumer class actions and is not the product of collusive efforts.

III.   Appointment of Plaintiff's Counsel as Class Counsel

1.   The Court appoints Daniel A. Schlanger and Christopher J. McGinn as Class Counsel because they meet the requirements of Federal Rule of Civil Procedure 23(g).   See Damassia v. Duane Reade, Inc., 250 F.R.D. 152, 165 (S.D.N.Y. 2008).

2.   Mr. Schlanger and Mr. McGinn spent significant time and did substantial work identifying, investigating, and settling Plaintiff's and the Class Members' claims.

3.   Mr. Schlanger and Mr. McGinn have substantial experience litigating consumer class actions.

4.   The work that Mr. Schlanger and Mr. McGinn have performed both in litigating and settling this case demonstrates their commitment to the Class and to representing the Class' interests.

IV.   Class Notice

1.   The Court approves the Proposed Class Notice which is attached to the Settlement Agreement and Release as ct. doc. 35-2, subject to the two modifications indicated in attachment A, and directs its distribution to the Class.

-4-

2.   Pursuant to Rule 23(c)(2)(B), a notice must provide:
the best notice practicable under the circumstances, including
individual notice to all members who can be identified through
reasonable effort.  The notice must concisely and clearly state
in plain, easily understood language: (i) the nature of the
action; (ii) the definition of the class certified; (iii) the
class claims, issues, or defenses; (iv) that a class member may
enter an appearance through counsel if the member so desires; (v)
that the court will exclude from the class any member who
requests exclusion; (vi) the time and manner for requesting
exclusion; and (vii) the binding effect of a class judgment on
class members under Rule 23(c)(3).

3.   The Notice satisfies each of these requirements and
adequately puts class members on notice of the proposed
settlement.  See In re Michael Milken & Assocs. Sec. Litig., 150
F.R.D. 57, 60 (S.D.N.Y. 1993).  The Notice of Settlement
describes the terms of the settlement, informs the Class about
the allocation of attorneys' fees, and provides specific
information regarding the date, time, and place of the final
approval hearing.

4.   The Court finds that the first class mailing of the
proposed form of Settlement Class Notice, as amended, along with
the letter from the Settlement Administrator and the self-
addressed stamped opt-in postcard submitted as ct. docs. 35-3 and
35-4, respectively, in the manner set forth herein and in the
Settlement Agreement is the best notice practicable under the

-5-

circumstances, consistent with due process of law, and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Fed. R. Civ. P. 23.

V.    Class Action Settlement Procedure

1.    The Court hereby sets the following settlement procedure:

a.    Defendants must provide the Claims Administrator selected by the parties, in electronic form, with the names, social security numbers and last known addresses of all Class Members within 10 days of this Order;

b.    Class Counsel shall mail, via first class mail, postage prepaid, the Class Notice to Class Members using the last known address as recorded in Defendant's records by December 16, 2013;

c.    Class Members will have until February 14, 2014 to opt-in to the class and object to the settlement.  All Eligible Individuals who sign and return an opt-in postcard by February 14, 2014 shall be included in the Settlement Class and shall be bound by the terms of the Settlement Agreement and the Judgment and all Orders entered by the Court in connection with the Settlement, whether favorable or unfavorable to the Class.  All Eligible Individuals who do not timely return a signed opt-in postcard shall not be afforded any of the relief described in the Settlement Agreement, and are not Settlement Class members.  Only

Settlement Class members can formally object to the terms of the settlement.

d. Plaintiff will file a motion for final approval of the settlement and any application by Class Counsel for attorneys' fees or reimbursement of expenses by March 7, 2014. Such submissions shall include a discussion of the Grinnell factors, including the substantive fairness of the settlement and adequacy of counsel to represent the plaintiff class. See City of Detriot v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974).

e. Plaintiff's counsel must supplement the Motion for Approval by, inter alia, filing a list of the names and addresses of the Class Members who have opted-in to the Class by March 21, 2014;

f. The Court will hold a fairness hearing on April 1, 2014 at 11:00 a.m. at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY, Courtroom 11C.

Dated:    Brooklyn, New York
          November 25, 2013


                              /s/_____
                              MARILYN DOLAN GO
                              UNITED STATES MAGISTRATE JUDGE

-7-